GABRIELLE J. ANDERSON-THOMPSON (SBN 247039)
  GAThompson@btlaw.com
RYAN CHAN (SBN 323424)
  ryan.chan@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904
Telephone:  (310) 284-3880
Facsimile:   (310) 284-3894

Attorneys for Defendants
DEPUY SYNTHES PRODUCTS, INC.
and JOHNSON & JOHNSON
(erroneously sued as JOHNSON &
JOHNSON, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY FROSS, | Case No. 8:24-cv-00538 ODW DFM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| DEPUY SYNTHES PRODUCTS, INC.; JOHNSON & JOHNSON, INC.; ORANGE COAST MEMORIAL MEDICAL CENTER, a California Corporation, and DOES 1 through 100, inclusive, | Judge:   Hon. Otis D. Wright, II |
| Defendants. | |

Plaintiff Beverly Fross ("Plaintiff") and Defendants DePuy Synthes Products, Inc. ("DePuy Synthes Products") and Johnson & Johnson (erroneously sued as "Johnson & Johnson, Inc.") (collectively, "Defendants") (hereafter collectively "Parties" or "the Parties"), hereby stipulate and agree, through their respective attorneys of record, to the entry of this Protective Order to protect the confidential status of protected documents and information during discovery in this litigation.

1. Plaintiff Beverly Fross (hereinafter "Plaintiff") alleges that she was implanted with an allegedly defective metal-on-metal hip implant ("Pinnacle Cup System") on February 5, 2008. Plaintiff claims that the Pinnacle Cup System failed

causing her to have to undergo revision surgery to remove the device on February 18, 2022. Plaintiff alleges Negligence, Strict Products Liability, and Failure to Recall/Retrofit causes of action against Defendants.

2. Defendants filed Answers and Affirmative Defenses on March 20, 2024, denying that the Pinnacle Cup System failed or caused Plaintiff's alleged injuries and damages.

3. The Parties anticipate that discovery and expert disclosures will encompass Plaintiff's personal medical information. The Parties agree that a Protective Order is proper to prevent any misuse or disclosure of this information.

4. The Parties anticipate that discovery and expert disclosures will encompass certain confidential and proprietary documents and information of Defendants, which designs, manufactures and sells orthopaedic prescription medical devices. The orthopaedic medical device field is a highly regulated industry in which Defendants and its many competitors must expend substantial resources creating processes and procedures to comply with the FDA's good manufacturing practices regulations, and submitting confidential design, manufacturing, materials, and process information to the FDA before such devices can be marketed. Accordingly, the Parties have agreed a Protective Order is appropriate to prevent the improper disclosure or use of such information while permitting Plaintiff the access necessary to evaluate and prosecute her claims.

5. "Protected Information," for purposes of this Order, means Plaintiff's personal health information or a trade secret or other confidential research, development, or commercial information properly designated and labeled as such by the party producing it. Examples of such Protected Information may include:

    a. Engineering drawings showing the design and exact dimensions, specifications, tolerances, and similar information related to the Pinnacle Cup System and its components;

b. Specifications, certifications and manufacturing process descriptions and records which reflect how Defendants manufactured the Pinnacle Cup System and its components;

c. Defendants' internal processes, complaint investigation, sales statistics, and other similar matters which are confidential and proprietary and have independent economic value because they are not known to Defendants' competitors and have entailed substantial cost to develop and are necessary for a medical device company to comply with governing FDA regulations; and

d. Information classified as confidential by federal or state law or regulation.

e. Information regarding Plaintiff's health or medical conditions contained in records obtained from Plaintiff's treating physicians, surgeons, or their practice groups or hospitals.

6. Protected Information shall be used only for the conduct of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except:

a. The Court and court personnel (including the court having jurisdiction over any appeal);

b. Court reporters used in connection with the litigation;

c. Any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation;

d. Any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter;

e. Employees of outside copying, document imaging and facsimile services;

f. Present counsel of record for the parties and secretaries, paraprofessional assistants, and other employees or agents of such counsel who are actively engaged in assisting counsel in connection with this matter;

g. The parties themselves and outside experts or consultants whose advice and consultation are being or will be used by the parties in connection with preparing for the litigation, and the staffs of such experts or consultants; and

h. Witnesses or deponents in the course of this litigation.

7. Disclosure shall be made to persons identified in subparagraphs 6.g and h above only as necessary for the litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as **Attachment A.** The terms of this Protective Order shall be explained to such persons by the persons disclosing the Protected Information. The executed acknowledgment shall be retained by counsel disclosing the Protected Information. Protected Information shall not be disclosed to any person in any manner not specified in this Protective Order.

8. The party and counsel receiving Protected Information, and their consultants and experts, shall keep it within their exclusive possession and control, except as provided in paragraph 6, shall maintain such material and information in their offices or other secure facility, and shall not make copies, extracts, summaries, or descriptions of the Protected Information or any portion thereof, except as convenient or necessary for use in this litigation.

9. Designation of information as Protected Information is not determinative of whether the designation is appropriate. If a party seeks to challenge the designation

on the ground that such protection is not warranted under controlling law, the following procedure shall be utilized:

    a.    The party challenging the designation shall give counsel for the designating party notice, in writing, specifying the Protected Information for which the designation is challenged and the reasons for the challenge;

    b.    If the parties cannot reach agreement, the party designating the Protected Information shall, within 15 days of receipt of that notice, file and serve a motion and supporting brief seeking the protection of this information. The party filing a brief containing or referring to Protected Information shall seek leave to file it under seal, and the other party shall not oppose such request. The designated Protected Information shall remain confidential until the issue is resolved by the Court or by the agreement of the parties.

    c.    On any motions arising out of the designation of any material as Protected Information, the burden of justifying the designation shall lie with the designating party.

10.    Before briefs and related documents which contain or refer to Protected Information are filed with the Court, counsel for Plaintiff and counsel for Defendants shall confer in good faith to discuss how to avoid disclosing Protected Information in the filing. If counsel cannot agree on a method to avoid disclosing Protected Information in the filing, then the party seeking to file a brief or related documents shall also file a motion for leave to file under seal the brief and related documents, in accordance with local rules and governing law. The parties shall serve each other by email with copies of the materials that are sought to be filed under seal.

11. Before a party moves to file under seal any brief or related document containing its Protected Information, counsel for that party shall perform a document-specific, good faith examination of the brief or related documents to be filed under seal to ensure that they meet the legal and factual criteria for such treatment. In the event a party receiving Protected Information files under seal a brief or related material containing the other party's Protected Information, counsel for the designating party shall perform a document-specific, good faith examination of the materials filed under seal to ensure that they meet the legal and factual criteria for continued maintenance under seal and will promptly file a request with the Court that the filings be unsealed if those criteria are not met. If material being maintained by the Court under seal no longer meets the legal and factual criteria for continued maintenance under seal - because of the passage of time or some other development - the designating party shall promptly file a request with the Court that the filings be unsealed.

12. The parties shall be entitled to identify on their final exhibit lists and use Protected Information for trial; *provided, however,* counsel for the designating party shall be entitled to seek appropriate protection, by motions in limine or otherwise, for any document so identified.

13. Any non-party from whom discovery is sought shall have the same rights and be subject to the same obligations under this Protective Order as if it were a party. The undersigned will treat as confidential Protected Information designated by a non-party in accordance with this Protective Order, regardless whether the non-party is or becomes a signatory to this Protective Order.

14. Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall govern inadvertent production of privileged materials. Upon notice that a document or item containing privileged information has been produced, the producing party shall promptly notify the receiving parties of the claim of privilege and the basis for it. Within three business days after receipt of a notice that

a document or item containing privileged information has been produced, the receiving party shall return, sequester or destroy the document or item, and all copies thereof, until the claim has been resolved, even if the party disputes the underlying privilege. To the extent that the information in the document or item has already been used or described in other documents generated or maintained by a receiving party, the receiving party shall take steps promptly to retrieve and sequester such documents until the privilege claim has been resolved. If a receiving party disclosed the information being notified of its inadvertent production, the receiving party shall take reasonable steps to retrieve that information until the privilege claim has been resolved. A party's return of allegedly privileged materials is without prejudice to its right to seek a judicial determination of that privilege claim.

15. If any party or person subject to this Protective Order violates or threatens to violate any of its terms, an aggrieved party may immediately apply to the Court for appropriate relief permitted under the Federal Rules of Civil Procedure.

16. If another court or an administrative agency subpoenas or otherwise orders production of Protected Information obtained under this Protective Order, the person to whom the subpoena or other process is directed, unless prohibited by law, shall promptly notify counsel for the designating party in writing via fax and overnight delivery of all of the following: (1) the Protected Information that is requested by the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall Protected Information be produced before the expiration of fifteen business days after written notice to counsel for the designating party. Furthermore, the person receiving the subpoena or

other process shall cooperate with the producing party in any proceeding related thereto.

17. This Protective Order shall be binding on the parties upon execution by counsel, regardless whether or when the Court enters the Protective Order; *provided however* that if the Court revises the Protective Order, then the Court's version will control. Once this Stipulated Protective Order is signed by all counsel for the parties, the parties agree to be bound by it and respond and conduct discovery according to it, even if the Court has not yet signed it. Waiting for the Court to sign the Stipulated Protective Order shall not be used by any party as a reason to delay providing discovery responses and materials once counsel for the parties have signed this Stipulated Protective Order.

18. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of any Protected Information.

19. Upon final termination of this action, whether by judgment (including any appeals), settlement or otherwise, counsel for the receiving party shall, upon request by the designating party, certify on personal knowledge in writing that all Protected Information furnished to consultants and/or experts, including without limitation, those documents whether in paper or electronic format, and all copies, summaries and extracts of such documents, have been destroyed and permanently deleted.

20. The terms of this Protective Order shall survive and remain in effect after the termination of this lawsuit. To the extent permitted by local rules and governing law, counsel for the designating party shall be entitled to contact the Court to claim and retrieve documents containing Protective Information that were submitted to the Court.

21. This Protective Order may be modified in writing by agreement of the parties or by order of the Court, consistent with controlling law. Until modification is granted by agreement or order of the Court, the terms of this Agreement shall

govern. Provisions for the use of such information at trial similarly shall be made by agreement or by pre-trial order governing the use and protection of the record, consistent with controlling law relating to public access to judicial documents.

Dated: June 12, 2024                    **BARNES & THORNBURG LLP**

By:   */s/ Gabrielle J. Anderson-Thompson*
Gabrielle J. Anderson-Thompson
Ryan Chan
Attorneys for Defendants DEPUY SYNTHES PRODUCTS, INC. and JOHNSON & JOHNSON (erroneously sued as JOHNSON & JOHNSON, INC.)

Dated: June 12, 2024                    **SHOOP APLC**

By:   */s/ Thomas S. Alch*
Thomas S. Alch
Attorney for Plaintiff
BEVERLY FROSS

**IT IS SO ORDERED.**

DATED: June 18, 2024

DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

                                        */s/ Gabrielle J. Anderson-Thompson*
                                        Gabrielle J. Anderson-Thopmson

# EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order executed by the attorneys of record for the parties in the action presently pending in the United States District Court for the Central District of California, captioned *Beverly Fross v. DePuy Synthes Products, Inc., et al.,* Case No. 8:24-cv-00538 ODW DFM, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Dated: _____   By: _____